STATE EX REL. CRAWFORD V. TWP. BD. OF ED., ETC.

1. REFUSAL TO GRANT ALTERNATIVE WRIT OF MANDAMUS.

. A court, or a single judge thereof, if application is made to him, should refuse to grant even an alternative writ of mandamus, if the facts stated in the petition, if true in every respect, do not justify the issue thereof.

2. ELECTION OF TEACHERS IN SUB-DISTRICTS.

Section 4017, Rev. Stat., as amended, 93 O. L., 48, gives the board of sub-directors the right to elect teachers in their respective sub-districts, but such election is subject to confirmation by a majority of the board of education ; and unless such election is confirmed by said last mentioned board, it has no legal effect.

3. FAILURE OF TOWNSHIP BOARD TO CONFIRM ELECTION.

If the township board of education fails to confirm the election of a teacher by the board of directors of a sub-district, under sec. 4017, Rev. Stat., it is the duty of such board of sub-directors to elect another teacher before the next regular meeting of the board of education ; and if the sub-dirctors fail to do this, or the board of education fails to confirm an election by the local board before the third Monday of August of any year, the board of education shall then employ a teacher for the sub-district.

4. COURTS CANNOT INTERFERE BY MANDAMUS.

Section 4017, Rev. Stat., expressly authorizing the board of education to confirm or not to confirm the election of teachers by the sub-directors, confers an administrative discretion, with which courts are not authorized to interfere, although it is alleged that the board acted in bad faith, and wrongfully and in pursuance of a conspiracy.

APPLICATION for an alternative writ of mandamus.

SMITH, J.

The material allegations of the petition in this case, are: that the relator, Crawford, is a resident taxpayer of Clinton county, Ohio. That the defendant is the township board of education of Wilson township, in said county, and by law is clothed with certain power as to the management and control of the public schools in said township ; but he avers that said powers are purely of a ministerial character; and that the election or employment of teachers for the public schools in said township is vested in the sub-directors of the sub-districts respectively in said township. That on May 14, 1899, he was duly elected and employed by the local board of sub-directors of sub-district No. 3 of said township, as teacher in the public school of said sub-district, at a salary of $50 per month, for a term of eight months, commencing on September —, 1899. That afterwards he was duly examined by the board of county examiners and found to be qua''fied in every respect to teach said school, and received from said board a proper certificate, and was in every way qualified to teach said school, and after his said election and employment, such fact was at once certified by two members of the board of sub-directors, and said certificate filed with the township clerk. That afterwards, on June 19, 1899, without such certificate being referred to and reported on by the standing committee of said board of education on teachers, as required by law, the defendant board well knowing the

State v. Township.

capacity, fitness and qualifications of relator for the position of teacher in said sub-district, and disregarding their duty, and in violation of their obligations, did unlawfully unite, combine, conspire and confeder- ate together to injure and greatly damage relator, and did corruptly re- fuse to confirm or not confirm plaintiff's election and employment as by law they were required to do. But while further engaged in the prose- cution of such conspiracy, and with the intent aforesaid, and without cause as they well knew, and in violation of duty and obligation, and to injure relator, did unlawfully, wrongfully, corruptly and without cause, reject the election and employment of plaintiff as such teacher, which act, regardless of obligation and duty, was wrongfully accomplished by usurping and attempting the exercise of a power which did not belong to the defendant board.

That by reason of the refusal of said board to confirm the election and employment of relator, he will be deprived of the compensation which will be due to him for his services as teacher, and being without other remedy, relator prays that a writ of mandamus issue against the defendant board directing and commanding it to confirm the election of relator as teacher in said sub-district, and asking for such other orders as justice may require.

When the application for this writ was made, counsel for the board appeared to resist its issue, and we heard an argument from counsel on each side as to whether it should be done, no demurrer or other plead- ing having been filed. There is no question, we think, but that the court, or a single judge thereof (if the application was made to him), should refuse to grant even an alternative writ, if the facts stated in the petition, if true in every respect, do not justify the issue thereof.

In looking at the averments of this petition, we are of the opinion that counsel for the relator have in several respects misapprehended the express provisions of the statute as to the duties of the sub-directors of a school district, and of the board of education of the township, as to the election of teachers for the sub-district, and the fixing of their com- pensation. As stated, the petition alleges that on May 14, 1899, he was duly elected and employed as teacher of this sub-district by the local board, at a certain salary, and for a certain term. Section 4017, Rev. Stat., as amended, 93 O. L., 48, gives to the board of educa- tion, as we understand, the right to fix the salaries of the teachers. It does give the right to the board of sub-districts to elect teachers in their district, "but such election shall be subject to confirmation by a majority of the board of education," and unless such election is confirmed by said last mentioned board, it has no legal effect. The statute does require the certificate of election by the local directors to be filed with the township clerk, who shall refer it to the standing committee on teach- ers, and such committee shall report on the same to the board of educa- tion, which shall confirm or refuse to confirm at its next regular meeting after the certificate is filed with the township clerk. If the board at such meeting fails to confirm it, the board of sub-directors shall elect an- other teacher before the next regular meeting of the board of education. If the board of sub-directors fail to do this, or the board of education fails to confirm an election by the local board before the third Monday of August of any year, the board of education shall then employ a teacher for the sub-district.

It is averred in the petition that the certificate of election was not referred to the standing committee on teachers and reported only to the

board of education. If so, this was the failure of the township clerk or of the committee, and was not the failure of the board. But however this may be, it is clear from the allegations of the petition, that the matter was, in fact, acted upon by the board of education at the next regular meeting, and the appointment was not confirmed. This ordinarily would put an end to what had been done, and it was the duty of the local board to elect another teacher before the next regular meeting of the board of education.

These being the provisions of the statute in regard to these matters, it would seem difficult to find any authority for holding that the relator was entitled to a writ of mandamus against the board of education compelling it to confirm the election of the relator as a teacher by the board of sub-directors as prayed for. So far as we can see, there is no duty imposed by any law upon the board of education to confirm the election of a teacher, made by the board of sub-directors. It is made its duty to confirm or refuse to confirm it. It has done the latter, as is admitted by the petition. Section 6741, Rev. Stat., provides that "mandamus is a writ issued in the name of the state to an inferior tribunal, corporation, board or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station." The duty to confirm this election not being specially enjoined upon the board of education by law, why should the court command it? It is urged that if the board in bad faith, and wrongfully and in pursuance of a conspiracy, and with the design to injure a person, and not from pure motives, refuses to confirm such an election, it may be compelled by the courts to do so, and some very broad allegations of this kind are made against the defendants in this petition. But where, as in this case, the power is expressly conferred upon the board of education to confirm or not to confirm, we do not think that the courts are authorized to interfere. A very broad discretion is conferred upon the board as to this. Strictly speaking, the discretion thus conferred may not be judicial discretion, with which the statute provides, sec. 6742, Rev. Stat., that the courts shall not interfere by mandamus, but it is certainly "administrative discretion," and as we understand, is subject to the same rule. See Ex Parte David A. Black, 1 Ohio St., 30; State ex rel. v. Commissioners, 49 Ohio St., 301. And it is entirely clear, we think, that the allegation of the petition, that in this regard the power and authority of the board of education is purely of a ministerial character, is not well founded.

For these reasons, the application for an alternative writ is refused.

*C. H. Blackburn*, for the relator.

*Prosecuting Attorney*, Clinton county, for defendants.